# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REYNALDO FLORES,           :
                           :
         Plaintiff,        :
                           :    CIVIL ACTION
    v.                     :
                           :    NO. 11-1846
GEORGE A. WAGNER ,         :
                           :
         Defendant.        :

## MEMORANDUM

Tucker, J.                                                          July ____,2011

      Presently before the Court is Defendant George A Wagner's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12 (b) (6) (Doc. 11) and Pro Se Plaintiff, Reynaldo Flores's Response in Opposition thereto (Doc. 12). Upon careful consideration of the parties' submissions and for the reasons set forth below the Court will grant the motion.

**I.**     **FACTUAL BACKGROUND**

      Pro Se Plaintiff Reynaldo Flores ("Plaintiff" and "Flores"), currently incarcerated, initiated the instant action by filing a motion to proceed *in forma pauperis* ("IFP") on March 15, 2011. (Doc.1) Having satisfied the requirements of 28 U.S. C. § 1915, the Court issued an Order granting Plaintiff's IFP motion on March 17, 2011. (Doc.2) On March 18, 2011, Plaintiff filed a Complaint naming Warden, George A. Wagner ("Defendant") as the sole Defendant. Plaintiff alleges Defendant unlawfully violated his constitutional rights with respect to the conditions of his confinement at the Berks County Jail System ("BCJS"), 1287 County Welfare Road, Leesport, PA 19533, during his incarceration. Although Plaintiff does not include a basis for his claim for relief

-1-

the Court will liberally construe his Complaint as one setting forth a claim for relief pursuant to 42 U.S.C. § 1983 alleging a violation of Plaintiff's Eighth Amendment rights.[1]

The sole averments included in Plaintiff's Complaint are as follows:

Plaintiff is incarcerated at the BCJS. Defendant is employed as the Warden of the BCJS.[2] Plaintiff is being made to eat all his meals, on a table in his cell, two (2) feet away from a toilet. (Compl. ¶ 4.) Plaintiff contends that this is unhealthy and unsanitary, and thus a violation of State and Federal Law. (Compl. ¶ 4.)

## II.     STANDARD OF REVIEW

### A.     Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);

---

[1] Federal courts "must construe pro se complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys." Bush v. City of Philadelphia, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005). See also Perlberger v. Caplan & Luber, LLP, 152 F. Supp. 2d 650, 653 (E.D. Pa. 2001) ("On a motion to dismiss, the district court must read a pro se plaintiff's allegations liberally and apply a less stringent standard to the pleadings or a pro se plaintiff than to a Complaint drafted by counsel"), aff'd mem. 52 Fed. Appx. 188 (3d Cir. 2002).

[2] Plaintiff does not specify whether Wagner is named as a Defendant in his official or individual capacity.

Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly et.al., 550 U.S. 544, 555 (2007). Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

In 2009 the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). There the Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949. In evaluating whether a Plaintiff has has met the pleading requirements, a district court must identify "the 'nub' of the . . . complaint - the well-pleaded, nonconclusory factual allegation[s]." Id. "[O]nly a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." Id. at1950.

In light of the decision in Iqbal, the Third Circuit set forth a two-part analysis to be applied by district courts when presented with a 12(b)(6) motion. First, the court must separate the legal

elements and factual allegations of the claim, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged but has failed to show -- that the pleader is entitled to relief. Id.

**B.      Liberal Construction of the Pleadings of Pro Se Litigants**

The Court is mindful that in determining the sufficiency of a pro se complaint, the Court of Appeals for the Third Circuit has instructed district courts to read pro se complaints liberally, particularly, where the Plaintiff is a pro se prisoner, who is "often at an informational disadvantage that may prevent them from pleading the full factual predicate for their claims." Spruill v. Gillis, 372 F.3d 218, 236 n.12 (citing Alston v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004)). Accordingly, the Court must liberally construe the allegations in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). Thus, the Court will "accept as true all of the allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to [Plaintiff]." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Notwithstanding, the requirement of liberal construction, a pro se plaintiff must still satisfy the Rule 8 standard. See Zilich v. Lucht, 981 F.2d 694, 694-96 (3d Cir. 1992).

**III.**     **DISCUSSION**

Plaintiff's Complaint seeks to assert liability against Defendant pursuant to 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote and citations omitted); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) (stating that Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere" (citations omitted)). Consequently, in order to state a claim for relief pursuant to § 1983, a plaintiff must plausibly allege that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Kaucher, 455 F.3d at 423 (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999), and Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). Plaintiff appears to be attempting to raise Eighth Amendment conditions of confinement claims with respect to Defendant's alleged acts and/or omissions.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must satisfy two threshold requirements. First, the Plaintiff must allege that the alleged misconduct was committed by a person acting under color of state law. Second, the actor's conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v.

Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

The Eighth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981); Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). This prohibition imposes affirmative duties on prison officials to provide prisoners with the basic necessities of life, such as "adequate food, clothing, shelter, and medical care." Id. at 832. The affirmative duty does not end there, prison officials must also "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984). Prison conditions may amount to cruel and unusual punishment if they cause "unquestioned and serious deprivations of basic human needs . . . [that] deprive inmates of the minimal civilized measure of life's necessities." Tillman v. Lebanon Cnty. Corr. Fac., 221 F.3d 410, 418 (3d Cir. 2000). Nonetheless, not every injury raises constitutional concerns.

In order to state an Eighth Amendment conditions of confinement claim, a plaintiff must make both an objective and a subjective showing. Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective component provides that only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes, 452 U.S. at 347. The subjective component requires that the state actor have acted with "deliberate indifference," a state of mind equivalent to a reckless disregard of a known risk of harm. See Farmer, 511 U.S. at 835; Wilson, 501 U.S. at 303.

A plaintiff may satisfy the objective component of a conditions of confinement claim if the

conditions cited are "objectively, sufficiently serious [and]. . . result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (internal citation and quotation omitted). In making this showing, a plaintiff must prove that the deprivation is sufficiently serious when viewed within the context of "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 36, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). Only "extreme deprivations" are sufficient to make out a conditions of confinement claim. Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). "To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society." Gaston v. Balicki, 2011 U.S. Dist. LEXIS 51570 *15 (D.N.J. May 12, 2011) (citing Rhodes, 452 U.S. at 347.))

With respect to the second prong, it must be shown that the alleged offending prison official acted with deliberate indifference to a known, objectively serious, risk to a prisoner's health or safety. Farmer, 511 U.S. at 834-35; Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). This standard has been defined as requiring that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Stated differently, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Palmer v. Rustin, 2011 U.S. Dist. LEXIS 65678, *17-18 (W.D. Pa. June 21, 2011). Thus, a court is required to determine, subjectively, whether the officials acted with a sufficiently culpable state of mind.

Before the Court is the allegation that Plaintiff is being made to eat all his meals on a table in his cell, two (2) feet away from a toilet. (Compl. ¶ 4.) Plaintiff avers that said condition is both

unhealthy and unsanitary. (Compl. ¶ 4.) Defendant moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b) (6). Defendant argues that Plaintiff fails to satisfy the objective component necessary to establish a conditions of confinement claim. Specifically, Defendant argues that the conduct at issue – namely, requiring an inmate to eat all meals in his cell at a table that is approximately two feet away from a toilet does not deprive Plaintiff of life's minimal necessities within the meaning of Tillman. (Def. Mot. to Dismiss 5.) In support of this argument, Defendant cites to the Second Circuit's decision in Detainees of Brooklyn House of Detention for Men v. Malcolm, 520 F.2d 392 (2d Cir. 1975). There, the Second Circuit expressly noted that "[t]he discomfort of eating in a cell is not, of itself, an unconstitutional hardship. . ." Id. at 396. Second, Defendant argues that Plaintiff's Complaint fails to satisfy the subjective component necessary to establish a conditions of confinement claim because Plaintiff fails to plead that Defendant had personal knowledge or knowingly acquiesced in the alleged unconstitutional conduct. Last, Defendant notes that BCJS should not be permitted from making administrative decisions and allowing Plaintiff's claim to stand would open the door to similar challenges.

In his Response in Opposition, Plaintiff merely repeats the factual allegation made in the Complaint and states that the fact that he was made to eat two (2) feet from the toilet in his cell is conclusive evidence of a violation of State and Federal law. Additionally, Plaintiff argues that Defendant had knowledge of the alleged violations of his constitutional rights as all policies and procedures implemented at BCJS are approved by Defendant. (Pl.'s Resp. In Opp'n 1)

The Court finds that Plaintiff's allegations fail to state a violation of his Eighth Amendment rights sufficient to withstand scrutiny under Rule 12(b)(6). First, Plaintiff fails to satisfy the objective prong of the above test. Requiring an inmate to eat in a cell a few feet away from a toilet is insufficient to implicate a conditions of confinement claim that is repugnant to contemporary

standards of decency. See Helling, 509 U.S. 25 at 36. Plaintiff's bald assertion that his eating arrangement is unhealthy and unsanitary fails to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. While the condition that Plaintiff complains of may be uncomfortable and undesirable, Plaintiff has failed to argue that it has caused a risk to his health and safety or that he was deprived of life's minimal necessities. The Constitution "does not mandate comfortable prisons." Rhodes, 452 U.S. at 349. To the extent that certain conditions are only "restrictive" or "harsh," they are merely part of the penalty that criminal offenders pay for their offenses against society. Id. at 347. Finding that Plaintiff fails to allege any facts to demonstrate that the conditions of his confinement at BCJS deprived him of any basic human need such as food, clothing, shelter, sanitation, medical care or personal safety, the Court holds that Plaintiff's allegations do not include sufficient factual content to state a "plausible" claim for relief. See Iqbal, 129 S. Ct. at 1949.

Even assuming, arguendo, that Plaintiff was able, somehow, to meet the objective part of the test, he is still unable to establish deliberate indifference. Thus, Plaintiff's claim would fail nonetheless. Here, Plaintiff merely states that all policies and procedures implemented at BCJS are approved by Defendant. This alone, Plaintiff argues, is conclusive evidence that Defendant was deliberately indifferent to the alleged constitutional violations. Plaintiff's bald assertion does not support the conclusion that Defendant possessed the requisite culpability to satisfy the deliberate indifference standard. Accordingly, the Court will grant Defendant's motion to dismiss.

**IV.** **CONCLUSION**

For the reasons set forth above, the Court will grant Defendant's motion to dismiss. As it is

clear from the sparse allegations included in Plaintiff's Complaint that leave to amend would be futile, dismissal will be with prejudice.

An appropriate Order follows.

**BY THE COURT:**

**/s/ Petrese B. Tucker**
_____
**Hon. Petrese B. Tucker, U.S.D.J.**